**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|   |   |
|---|---|
| EVER JOEL PAZ RODRIGUEZ,<br><br>      Petitioner,<br><br>  v.<br><br>LUIS SOTO, *et al.*,<br><br>      Respondents. | Civil Action No. 26-5743 (JXN)<br><br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Petitioner Ever Joel Paz Rodriguez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging his continued detention. (ECF No. 1.) Respondents filed an opposition to the Petition (ECF No. 6), and Petitioner replied (ECF No. 7). The Court considered the parties' submissions in support of and opposition to the Petition and decides the Petition without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Petitioner's Petition is **GRANTED**.

## I.  BACKGROUND

Petitioner, a native of Honduras, originally unlawfully entered the United States on June 16, 2011. (ECF No. 6 at 2; *see* ECF No. 6-1 at 2.) On the same day, Petitioner encountered United States border patrol agents. (*Id.*) On June 21, 2011, Petitioner was determined to be inadmissible to the United States and issued a Notice and Order of Expedited Removal. (*Id.*; *see* ECF Nos. 6-2, 6-3.) Petitioner was subsequently removed from the United States on or about July 13, 2011. (*Id.*; *see* ECF Nos. 6-2, 6-4.)

On February 19, 2019, Petitioner reentered the United States and again encountered United States border patrol agents. (*Id.*; ECF No. 6-6 at 2.) On February 21, 2019, he was issued a Notice of Intent/Decision to Reinstate Prior Order of Removal. (*Id.*; ECF No. 6-4.) On the same day, a Warrant for Removal/Deportation was issued. (*Id.*; ECF No. 6-5.) Petitioner expressed a fear of returning to Honduras. (*Id.*; ECF No. 6-6 at 2.) Petitioner was subsequently released into the country on his own recognizance and has complied with his reporting conditions since February 2019. (*See* ECF No. 6-6 at 2-3.)

On May 13, 2026, Immigration and Customs Enforcement ("ICE") agents detained Petitioner at a scheduled ICE check-in. (ECF No. 1 at 2.) Petitioner was then scheduled for a reasonable fear interview, seven years after he expressed fear of returning to Honduras. (ECF No. 6-6 at 3.) Following Petitioner's request to reschedule the reasonable fear interview, Petitioner appeared for the interview on May 21, 2026. (ECF No. 7 at 1.) Following the hearing, an asylum officer issued a negative reasonable fear determination. (*Id.*) Petitioner timely requested an immigration judge ("IJ") review of that determination. (*Id.*) That request remains pending. (*Id.*)

On May 19, 2026, prior to his reasonable fear interview, Petitioner filed the instant Petition, arguing, among other things, that the government may not detain him under 8 U.S.C. § 1225(b)(2). (*See generally* ECF No. 1.) Petitioner sought his release from detention, submitting that he has a "fourth child expected, as his spouse is currently pregnant and medically compromised due to a hematoma that prevents her from working or performing basic physical tasks." (*Id.* at 6.) On May 26, 2026, Respondents filed a letter response arguing that Petitioner is lawfully detained and is subject to a reinstated final order of removal under 8 U.S.C. § 1231(a). (*See* ECF No. 6.) On May 29, 2026, Petitioner replied, arguing that because he is in withholding only proceedings, his removal is not significantly likely in the reasonably foreseeable future. (*See* ECF No. 7.)

2

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on the petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.    DISCUSSION

In his Petition, Petitioner argues that he is unlawfully detained under 8 U.S.C. § 1225(b)(2). (*See generally* ECF No. 1.) In response, Respondents submit that Petitioner is not detained under 8 U.S.C. § 1225(b)(2), rather he is detained under 8 U.S.C. § 1231(a) pursuant to a final order of removal. (*See generally* ECF No. 6.) In his reply brief, Petitioner argues that, based on his withholding only proceedings, his removal is not reasonably likely in the foreseeable future. (*See generally* ECF No. 7.)

Petitioner has a reinstated final order of removal. The record shows that (1) on June 21, 2011, Petitioner was issued a Notice and Order of Expedited Removal; (2) on July 13, 2011, he was removed from the United States; and (3) he unlawfully re-entered the United States on February 19, 2019.

Based on the above, ICE reinstated Petitioner's final order of removal on February 21, 2019. Under 8 U.S.C. § 1231(a)(5), when a noncitizen reenters the United States after having been

3

removed under a prior order, "the prior order of removal is reinstated from its original date" and the noncitizen "shall be removed under the prior order." The Supreme Court has made clear that detention in this posture is governed by § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 529–30 (2021) (explaining that once a removal order is reinstated, the noncitizen is in a post-final-order posture and detention is governed by § 1231's removal-period framework). Accordingly, Petitioner's detention arises under § 1231(a).

Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody.") (internal citation omitted).

The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order.

(iii) If the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Here, Petitioner's 90-day mandatory "removal period" began when ICE reinstated his final order of removal on February 21, 2019. 8 U.S.C. § 1231(a)(1)(B)(i).

ICE is not required to release the noncitizen once the removal period has expired, but "[d]ue process rights may be implicated where . . . there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing

4

*Zadvydas*, 533 U.S. at 701). In *Zadvydas,* the Supreme Court held that post-removal-order detention becomes constitutionally suspect only when it is prolonged beyond a presumptively reasonable six-month period and removal is not reasonably foreseeable. 533 U.S. at 701 (establishing a six-month presumption of reasonableness for post-removal-order detention). However, "[a]lthough the Supreme Court established a six-month period of presumptively reasonable detention, it did not preclude a detainee from challenging the reasonableness of his detention before such time." *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395 (D.N.J. 2025); *see also Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, . . . and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas* presumption is just that—a presumption . . . not a prohibition on claims challenging detention less than six months." (internal quotation marks omitted)); *Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wisc. 2008) ("The *Zadvydas* Court did not say that the presumption is irrebuttable, and there is nothing inherent in the operation of the presumption itself that requires it to be irrebuttable.")

Petitioner argues that his removal is not likely in the reasonably foreseeable future because his withholding only proceedings remain pending. (*See* ECF No. 7 at 2.) A noncitizen subject to an order of removal may pursue "withholding-only relief to prevent [the Department of Homeland Security] from executing his removal to the particular country designated in his reinstated removal order." *Johnson v. Guzman Chavez*, 594 U.S. 523, 530 (2021). A noncitizen subject to a reinstated order of removal initiates this process by expressing a fear of persecution or torture if returned to the country of removal. 8 C.F.R. § 208.31(b). An asylum officer will then conduct an interview

5

and determine whether the noncitizen has a reasonable fear of persecution or torture. 8 C.F.R. § 208.31(c). A noncitizen can appeal a negative fear decision to an IJ. 8 C.F.R. § 208.31(g).

Here, Petitioner has alleged facts that suggest his removal is not reasonably foreseeable. Petitioner is currently in withholding only proceedings, and Respondents have not presented any evidence that his removal is likely in the reasonably foreseeable future. Additionally, Petitioner asserts that his pregnant spouse is experiencing a serious medical condition and Petitioner is the primary support for three minor children and his spouse. Finally, the records show that Petitioner has complied with his reporting conditions for the past seven years. Moreover, "If no exception applies, an alien who is not removed within the 90-day removal period *will be released subject to supervision*." *Johnson v. Guzman Chavez,* 594 U.S. 523, 529 (2021) (citing 8 U. S. C. § 1231(a)(3); 8 CFR § 241.5) (emphasis added).

As "the government may release the [noncitizen] subject to conditions of supervised release," 8 U.S.C. § 1231(a)(3), the facts and arguments presented here warrant Petitioner's release on appropriate conditions of supervised release.

## IV.    CONCLUSION

For the reasons set forth above, the Petition (ECF No. 1) is **GRANTED**. An appropriate Order accompanies this Opinion.

**DATED**: 6/15/2026

_____
**JULIEN XAVIER NEALS**
**United States District Judge**

6